## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

JOHN J. BEARD                                                    PLAINTIFF
ADC #163453

V.                          No. 1:18CV00077 KGB/JTR

KEITH DAY, Major,
North Central Unit, ADC, *et al.*                              DEFENDANTS

### RECOMMENDED DISPOSITION

      The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I.  Introduction

      Plaintiff John J. Beard ("Beard") is a prisoner in the North Central Unit of the Arkansas Department of Correction ("ADC"). He has filed a *pro se* § 1983 Complaint and Amended Complaint alleging that Defendants violated his

constitutional rights. *Docs. 2 & 6.*[1] Before Beard may proceed with this case, the Court must screen his allegations.[2]

## II. Discussion

### A.   Defendants Williams, Sanders and Queen

In his initial Complaint, Beard named Warden Stephen Williams ("Williams"), Captain Bruce Sanders ("Sanders") and Sergeant Queen ("Queen") as Defendants, but he did not make any factual or legal allegations against them. *Doc. 2 at 1-2 & 4.* The Court ordered Beard to amend his Complaint to explain how each of these Defendants personally violated his constitutional rights. *Doc. 4 at 2.* Beard's Amended Complaint does *not* identify Williams, Sanders or Queen as Defendants, nor does it contain any factual or legal allegations about them. *Doc. 6.*

Accordingly, the Court recommends that Williams, Sanders and Queen be dismissed from this § 1983 action, without prejudice.

---

[1] The Court has construed Beard's *pro se* Complaint and Amended Complaint, together, as constituting his claims. *See Kiir v. N.D. Pub. Health,* 651 Fed. Appx. 567, 568 (8th Cir. 2016) (amendment "intended to supplement, rather than to supplant, the original complaint," should be read together with original complaint); *Cooper v. Schriro,* 189 F.3d 781, 783 (8th Cir. 1999) (*pro se* pleadings must be liberally construed).

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

### B.    Defendant Day

In his Amended Complaint, Beard alleges that, on September 24, 2018, Defendant Major Keith Day ("Day") called him to the office and ordered Beard to tell "who had K-2" and "who [Beard was] holding it for." When Beard said he did not have any K-2, Day cuffed him and placed him in a "dry cell" for five days, where he had to defecate in a bucket. According to Beard, nothing was found "on [him] or [in his] system." *Doc. 6 at 5.*

Beard also alleges that Day is "sexually harass[ing]" him by having him searched "every time [he] moves … at chow, school and [in his] barracks." He believes that Day is harassing him because Beard is homosexual and because Day "knew he was wrong for putting [Beard] in the hole for nothing." *Id. at 4-5.* Beard seeks only injunctive relief, *i.e.,* a transfer to another unit. *Id. at 6.*

### 1.    Inhumane Conditions of Confinement Claim

The "Constitution does not mandate comfortable prisons" or that prisons be "free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Thus, to plead a viable Eighth Amendment inhumane conditions of confinement claim, Beard must allege facts demonstrating that: (1) objectively, he suffered a deprivation that was "sufficiently serious" enough to deny him "the minimal civilized measure of life's necessities," or to pose "a substantial risk of serious harm" to his health or safety; *and* (2) subjectively, the defendant was deliberately indifferent to the risk of harm

posed by the deprivation. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). The length of time that a prisoner is subjected to the allegedly inhumane conditions is a "critical factor" in the Eighth Amendment analysis. *Smith v. Copeland,* 87 F.3d 265, 269 (8th Cir. 1996) (stating that "[c]onditions such as a filthy cell that may be tolerable for a few days are intolerably cruel for weeks or months").

Applying these legal principles, the Eighth Circuit held, in *Williams v. Delo,* 49 F.3d 442 (8th Cir. 1995), that a temporary deprivation similar to that alleged by Beard failed to rise to the level of a constitutional violation. After attacking his wife in the prison visiting room and continuing to display aggressive behavior toward prison guards, Williams was placed in a "strip cell" for four days. *Id.* at 444. In the strip cell, Williams was forced to remove all of his clothing. The cell had a light, toilet and sink, but the mattress had been removed and the water had been shut off. Because the water had been shut off, Williams could not flush the toilet or wash his hands. *Id.*

The Eighth Circuit concluded that, because Williams "failed to present any evidence tending to establish that the conditions in the strip cell denied him the 'minimal civilized measure of life's necessities,'" he failed to establish an Eighth Amendment violation. *Id.* at 445. The Court further stated: "Nothing in the record indicates that Williams suffered any injuries or that his health was impaired as a result of his four-day confinement in the strip cell. At most, Williams's evidence

4

shows only that he felt some discomfort." *Id.* at 446.  *See O'Leary v. Iowa State Men's Reformatory,* 79 F.3d 82, 83-84 (8th Cir. 1996) (four days without underwear, blankets and mattress did not rise to the level of a constitutional violation); *Seltzer-Bey v. Delo,* 66 F.3d 961, 963-64 (8th Cir. 1995) (no constitutional violation where inmate was in strip cell for two days without clothing, bedding, or running water); *see also Stewart v. Wright,* 101 F.3d 704, *1-2 (7th Cir. 1996) ("Dry cell conditions such as not being able to flush the toilet or brush teeth are mere inconveniences ... [I]t is well settled that conditions which are temporary and do not result in physical harm are not [constitutionally] actionable"); *Bargo v. Hobbs,* No. 5:14cv00393-KGB, 2017 WL 763923 (E.D. Ark. Feb. 27, 2017) (no Eighth Amendment violation where prisoner was forced to urinate and defecate in the fields, without access to a portable toilet, while temporarily assigned to field duty).

In this case, Beard has failed to allege any facts showing that his five-day placement in the dry cell denied him the minimal civilized measure of life's necessities. His only alleged deprivation was having to defecate in a bucket, instead of a toilet, during the five days he was in the dry cell. Further, he does not allege that he suffered any injury or health impairment as a result of having to defecate in a bucket.[3] Thus, he has failed to demonstrate that the temporary deprivation he alleges

---

[3]In ordering Beard to file an Amended Complaint, the Court specifically instructed him to explain how he was harmed by being in a dry cell for five days. *Doc. 4 at 2.*

was sufficiently serious enough to satisfy the objective requirement for a viable Eighth Amendment claim.

Beard's allegations also fail to make the requisite subjective showing that, by placing him in a dry cell, Day was acting with deliberate indifference to a substantial risk of harm to Beard's health or safety. Beard admits that Day was acting in response to his belief that Beard was in possession of K-2, a potentially deadly drug that has posed significant concerns for ADC officials.[4] *See Gilblom v. Gillipsie*, 435 Fed. App'x 165, 169-69 (3d Cir. 2011) (prisoner's placement in a "dry cell" for suspicion of ingesting contraband was "not, in and of itself, problematic," given the prison's interest in maintaining institutional security and internal order); *Jihad v. Wright*, 124 F.3d 204, *2 (7th Cir. 1997) ("Because Jihad was confined to the dry cell to serve a legitimate penological interest and not for the purpose of punishment, the culpability component of deliberate indifference analysis is clearly lacking.").

Because five days in a "dry cell" did not rise to the level of a constitutional violation, the Court recommends that Beard's inhumane conditions of confinement claim be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.

---

[4]In 2017 and 2018, the ADC had "a string of [inmate] deaths suspected to be related to illegal drugs, particularly a synthetic drug known as K2." Prison System Reports Another Suspicious Death, ARK. TIMES, Sept. 12, 2018 (available at https://arktimes.com).

2.      **Sexual Harassment Claim**

"[S]exual harassment, absent contact or touching, does not constitute unnecessary and wanton infliction of pain" so as to state an Eighth Amendment claim. *Howard v. Everett*, 208 F.3d 218, *1 (8th Cir. 2000). Beard does not allege that Day made inappropriate comments of a sexual nature, much less that Day ever touched or had any physical contact with him. Accordingly, Beard's vague claim of "sexual harassment" falls short of stating a constitutional claim.

Finally, Beard's conclusory allegations that Day is harassing him by having him searched "every time [he] moves … at chow, school and [in his] barracks," do not amount to a constitutional violation. Recognizing that correctional officials "must be permitted to devise reasonable search policies to detect and deter the possession of contraband in their facilities," the Supreme Court has repeatedly upheld the constitutionality of practices and policies designed to further this legitimate security interest. *Florence v. Board of Chosen Freeholders of County of Burlington*, 566 U.S. 318, 327-28 (2012) (holding that jailers may conduct visual searches of the bodies of unclothed detainees, who have been arrested for minor offenses, even in the absence of a reasonable suspicion that they may be concealing contraband or weapons); *Hudson v. Palmer,* 468 U.S. 517, 522-23 (1984) (holding that prison officials can perform random searches of inmate lockers and cells even without reason to suspect a particular individual of concealing a prohibited item);

7

*Bell v. Wolfish,* 441 U.S. 520, 558-59 (1979) (upholding policy requiring visual body cavity searches of pretrial detainees after every contact visit). Thus, "in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these [security] considerations, courts should ordinarily defer to their expert judgment in such matters." *Florence,* 566 U.S. at 328.

Beard has not presented any facts to support his conclusory allegation that the multiple searches of his cell and person were not justified or reasonable in light of the legitimate security concerns regarding the suspected presence of dangerous drugs and other contraband in the ADC.  Accordingly, the Court recommends that Beard's sexual harassment claims be dismissed, without prejudice, for failure to state a claim upon which relief may be granted.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.    Beard's Complaint and Amended Complaint (*Docs. 2 & 6*) be DISMISSED, WITHOUT PREJUDICE.

2.    The dismissal of this case be counted as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

3.    The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 13th day of December, 2018.

_____
UNITED STATES MAGISTRATE JUDGE